IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLY J. GAINES, No. K-70497,

        Petitioner,

vs.                                              Case No. 12-cv-1069-DRH

CHAMPAIGN COUNTY COURT,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the Robinson Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. The petition was filed on October 5, 2012. Petitioner does not articulate the grounds on which he contends he should be released, referring only to the Fourteenth and Fourth Amendments (Doc. 1, p. 7).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition and exhibits in the present case, the Court concludes that because petitioner has not exhausted his state court remedies, he is not entitled to relief at this time, and the petition must be dismissed.

According to petitioner's exhibits, he pled guilty on October 12, 2010, to one count of unlawful possession with intent to deliver cannabis. As part of the plea agreement, a domestic battery charge was dismissed (Doc. 1-3, p. 1). He was sentenced to 70 months in prison. He appealed, and on February 9, 2012, the case was remanded to the trial court for compliance with Illinois Supreme Court Rule 604(d) (Doc.1-8, p. 3; Doc. 1-7,p. 8). Petitioner filed a new motion to withdraw his guilty plea, which was heard on July 23, 2012. The motion was denied, but petitioner was given an additional 17 days of credit against his sentence for a period of pre-trial detention (Doc. 1-7, p. 9). On July 25, 2012, he appealed again, and he notes that this appeal is still pending with the Illinois Appellate Court, Fourth District.

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for failing to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see also *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available

to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

The instant petition and exhibits demonstrate that petitioner has presented his claims only to the Illinois Appellate Court, which has not yet issued a decision. Thus, petitioner has not yet exhausted his available state court remedies, and this action shall be dismissed without prejudice.

Petitioner has neither paid the $5.00 filing fee for this action, nor filed a motion for leave to proceed *in forma pauperis* ("IFP"). Despite the dismissal of his case, he incurred the obligation to pay this fee when the action was filed. *See Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). As he was previously advised by the Clerk (Doc. 2), **PETITIONER IS ORDERED** to pay the $5.00 filing fee, or, if he cannot afford the fee, to file a motion for leave to proceed IFP, no later than **November 5, 2012**. Should he fail to do so, he may be prohibited from filing any future action in this Court until his fees are paid.

Finally, petitioner is advised that, should he file a future habeas petition, the only proper respondent in such an action is his custodian, that is, the warden of the prison where he is confined. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

**Disposition**

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice to petitioner re-filing his habeas petition in federal court, after first exhausting his remedies in the Illinois state courts.

**Certificate of Appealability**

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254 because he has not yet

exhausted his state court remedies. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: October 26, 2012**

Digitally signed by David R. Herndon
Date: 2012.10.26 09:11:28 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**